SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Tel.:  (916) 448-0159
Fax:  (916) 558-4839

Attorneys for Defendants
GOODMAN MANUFACTURING COMPANY, L.P.,
GOODMAN GLOBAL HOLDINGS, INC., and
GOODMAN GLOBAL GROUP, INC.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| MARTIN BARTHOLOMEW, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF PLAINTIFF MARTIN BARTHOLOMEW'S CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| GOODMAN MANUFACTURING COMPANY, L.P., a Texas Limited Partnership; GOODMAN GLOBAL HOLDINGS, INC., a Delaware Corporation; GOODMAN GLOBAL GROUP, INC., a Delaware Corporation; and DOES 1-50, inclusive. | Sacramento County Superior Court Case No. 34-2021-00311588 |
| Defendants. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Goodman Manufacturing Company, L.P., Goodman Global Holdings, Inc., and Goodman Global Group, Inc. ("Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), to effectuate the removal of the above-captioned action from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, and states that removal is proper for the reasons set forth below.

<u>**PLEADINGS, PROCESSES, AND ORDERS**</u>

1.      On November 23, 2021, Plaintiff Martin Bartholomew filed a purported Class Action Complaint against Defendants, in the Superior Court of California, County of Sacramento, entitled, *Martin Bartholomew, on behalf of himself and all other similarly situated, vs. Goodman Manufacturing Company, L.P., a Texas Limited Partnership; Goodman Global Holdings, Inc., a Delaware Corporation; Goodman Global Group, Inc., a Delaware Corporation; and DOES 1-50, inclusive.*, Case No. 34-2021-0031158 (the "Complaint").

2.      The Complaint alleges seven state law class action claims: (1) failure to pay all minimum wages; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) wage statement violations; (6) waiting time penalties; and (7) unfair competition. Defendants were served with the Complaint on December 3, 2021. Attached as **Exhibit A** is a true and correct copy of the Complaint.

3.      The Complaint alleges that Plaintiff and "other non-exempt employees were subjected to the same policies, procedures, and practices, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during his employment." Ex. A, ¶ 16.

4.      The Complaint seeks to certify the following four classes:

> (1)      "All non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial." Ex. A, ¶ 35(1).

(2)     "All non-exempt employees who worked for Defendants in California and who worked overtime hours during at least one shift and earned a non-discretionary bonus payment, during the four years immediately preceding the file of the Complaint through the date of trial." Ex. A, ¶35(2).

(3)     "All non-exempt employees who worked for Defendants in California, and who have separated their employment with Defendants during [*sic*] one year immediately preceding the filing of the Complaint through the date of trial." Ex. A, ¶35(3).

(4)     "All employees who work or worked for Defendants in California and who received at least one wage statement, during the one year immediately preceding the filing of the Complaint through the date of trial." Ex. A, ¶35(4).

5.     Defendants Goodman Global Holdings, Inc. ("Goodman Holdings") and Goodman Global Group, Inc. ("Goodman Group") deny ever employing Plaintiff or any other alleged putative class member, but accept Plaintiff's allegations in the Complaint as true for purposes of this Notice of Removal.

6.     On January 3, 2022, Defendants filed an Answer to the Complaint in the Superior Court of California, County of Sacramento. A true and correct copy of the Answer is attached as **Exhibit B.**

7.     All process, pleadings, and orders served upon Defendants in this action are attached as **Exhibit C** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

**TIMELINESS OF REMOVAL**

8.     On or about December 3, 2022, Plaintiff served Defendants with the Summons and Complaint.

9.     This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

**BASIS FOR REMOVAL**

**I.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

10.    "Congress intended CAFA jurisdiction to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (the "Supreme Court left no doubt" there is no antiremoval presumption for CAFA cases); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (U.S. 2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

11.    This Court has original jurisdiction over this action under CAFA, codified in relevant part in 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C. § 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, it is a purported class action in which the named plaintiff is a citizen of a State different from that of Defendants (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100. *See* 28 U.S.C. §§ 1332(d)(5)(B).

**A.    There is Minimal Diversity for Removal Under CAFA.**

12.    Minimal diversity under CAFA is present if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff and Defendants are diverse from one another because Plaintiff is a citizen of California and Defendants are citizens of Delaware and Texas.

**1.    Plaintiff Is A Citizen Of California**

13.    For diversity purposes, a person is a "citizen" of the state in which she or he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994). Here, Plaintiff specifically alleges that he "was and currently is a California resident residing in the State of California." Ex. A, ¶ 7. Accordingly, Plaintiff is a citizen of California. Plaintiff also seeks to represent individuals who currently work, or previously worked, for Defendants in the State of California. Ex. A, ¶ 35 (1)-(4).

3

### 2.     Defendants Are Not Citizens Of California

14.     A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center," which is where a corporation's officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1191, 1192-93 (2010). A partnership is a citizen of the states its partners are citizens of. *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990).

15.     At all times since Plaintiff commenced this lawsuit, Goodman Holdings and Goodman Group have been citizens of the States of Delaware and Texas, where they were incorporated and where they have their principal places of business, respectively. Declaration of Kristi Pittman ("Pittman Dec."), ¶¶ 3,4..[1]

16.     Defendant Goodman Manufacturing Company, L.P. ("Goodman") is a citizen of the States of Delaware and Texas. Pittman Dec., ¶¶ 2-4.. Goodman's general partner is Goodman Holding Company. *Id*. at ¶ 3. Goodman's limited partners are Daikin North America, LLC and Goodman Appliance Holding Company, neither of which are citizens of California. *Id.* at ¶ 5. None of Daikin North America, LLC's members are citizens of California and Goodman Appliance Holding Company is a citizen of Texas, where it was incorporated and where its principal place of business is located. *Id*.

17.     Defendants' high-level executive officers reside and direct, control, and coordinate Defendants' operations, finances, employee relations, and other key areas of their businesses in or around Houston, Texas. Pittman Dec., ¶ 4.

### 3.     Doe Defendants' Citizenship Must Be Disregarded

18.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) ("[U]known defendants sued as "Does"

---

[1] A defendant removing under CAFA is not required to submit ***any*** evidence with its Notice of Removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (U.S. 2014) (rejecting argument notice of removal must include evidentiary submission; "A statement 'short and plain' need not contain evidentiary submissions."); *Arias v. Residence Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (vacating remand order that failed to give the defendant a chance to produce evidence). Nevertheless, Defendants submit the Pittman Declaration as additional support for the well-pleaded allegations in their Notice of Removal. In the event Plaintiff challenges the Court's jurisdiction under CAFA, Defendants reserve the right to submit additional supporting evidence.

need not be joined in a removal petition."). Thus, Doe Defendants 1 through 50, inclusive, do not deprive this Court of jurisdiction.

**B.    There Are More Than 100 Putative Class Members**

19.    CAFA requires that the aggregate number of members of all proposed classes in the complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

20.    As noted above, the Complaint alleges four purported classes, the broadest of which is defined as "[a]ll non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial." Ex. A, ¶ 35(1).

21.    Approximately 362 individuals fall within this purported this class. Specifically, between November 23, 2017 and December 31, 2021, Defendants, as alleged by Plaintiff, employed approximately 356 full-time employees, 2 part-time employees, and 4 temporary employees in California. Pittman Dec., ¶ 6.

22.    Accordingly, there are more than 100 putative class members pursuant to 28 U.S.C. § 1332(d)(5)(B).

**C.    The Amount In Controversy Exceeds $5,000,000**

23.    This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among other requirements, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

24.    Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, ***the court should err in favor of exercising jurisdiction over the case*** . . . . Overall, new section 1332(d) is intended to

expand substantially federal court jurisdiction over class actions. ***Its provisions should be read broadly***, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (emphasis added).

25.     "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover. *See Chavez v. JPMorgan Chase & Co.*, 888 F. 3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

26.     While Defendants deny any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000. The calculations supporting the amount in controversy are based on the information in the Pittman Declaration and on the allegations of the Complaint, assuming without any admission the truth of the allegations, and assuming liability (which Defendants dispute) is established. Likewise, these calculations are based on the putative class alleged in the Complaint, and in no way indicate that class treatment is appropriate, or that Plaintiff has standing to represent any purported class, or that the class proposed would meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. Defendants expressly reserve the right to challenge Plaintiff's claims, adequacy and standing to represent any proposed class, class definitions, and calculation of damages in all respects. However, for purposes of removal only, Defendants base their calculations on the allegations and class definition pleaded by Plaintiff.

### 1.     Unpaid Overtime

27.     Defendant re-alleges and incorporates by reference all of the preceding paragraphs as though stated fully herein.

28.     Plaintiff alleges "Defendants caused Plaintiff to work overtime and hours [*sic*] but did not compensate Plaintiff or members of the Classes at one and one-half times their regular rate of pay for such hours." Ex. A, ¶ 52. Specifically, Defendants supposedly had a "uniform and unlawful policy/practice of (1) failing to pay off-the clock Covid-19 screening, and (2) failing to account for non-discretionary bonuses in calculating the regular rate for calculating members of the Classes and

Overtimes Subclass overtime rate which resulted in these individuals not being paid all overtime wages owed." *Id*. at 53.

29.    Full-time employees generally work on average 40 hours per week (Monday through Friday). Pittman Dec., ¶ 7.

30.    The average base hourly rate for full-time nonexempt employees between November 23, 2017 and the present is $21.10. Pittman Dec. at ¶ 7. The approximate number of workweeks for these employees between March 2020 and the present is 16,799. *Id*.

31.    Assuming 30 minutes of unpaid overtime per work week (or 6 minutes per day) associated with alleged temperature checks during the relevant period, potential damages on this claim come to approximately **$265,844.18** [($21.10/hour x 1.5 overtime premium) x 16,799 workweeks x .5 hours]. For the purposes of identifying the amount in controversy under CAFA, assuming 30 minutes of unpaid overtime per week is extremely conservative. *See Sanders v. Exide Techs.*, 2019 WL 5258575, at *5 (C.D. Cal. Oct. 17, 2019) (accepting as reasonable defendant's estimate of three unpaid overtime hours per work week).

## 2.    Meal and Rest Period Claims

32.    Defendants re-allege and incorporate by reference all of the preceding paragraphs as though stated fully herein.

33.    Plaintiff alleges "non-exempt employees were denied legally compliant and timely off-duty meal periods of at least thirty (30) minutes due to Defendants' unlawful policies/practices, including, but not limited to, rough demands of the job and staffing shortages, that often prevented Plaintiff and other non-exempt employees from taking compliant 30-minute first meal periods before the end of the fifth hour of work, and second meal periods before the end of the tenth hour of work as required by California law." Ex. A, ¶ 25.

34.    Plaintiff also alleges "Defendants failed and continue to fail to authorize and permit Plaintiff and other non-exempt employees from taking legally compliant rest periods. Plaintiff and other non-exempt employees were often unable to take legally compliant rest periods, or have their rest periods cut short, due to the demands of the job, interrupted by supervisors, staffing and job responsibilities. As a result, Plaintiff and other non-exempt employees were and are often unable to take

ten (10) minute duty free rest periods for every major fraction of four hours worked. This includes a second rest period for shifts in excess of six hours, and a third rest period for shifts in excess of 10 hours in a work day." Ex. A, ¶ 28.

35.    Labor Code § 226.7 provides that if "an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided."

36.    Assuming two meal period violations per for full-time employees only per workweek based on Plaintiff's allegation that Defendants "often" failed to provide meal periods, the putative class meal period damages from November 23, 2017 to the present come to approximately $1,383,527 [$21.10/hour x 32,785 workweeks x 2 meal period premiums]. Courts in this district have found meal and rest period violation rates between 20% and 60% to be reasonable. *See Sanchez v. Abbott Laboratories*, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *4 (E.D. Cal. June 30, 2021) (collecting cases).

37.    Also assuming two rest period violations for full-time employees only per workweek based on Plaintiff's allegation that Defendants "often" failed to permit rest periods, the putative class rest period damages from November 23, 2017 to the present come to approximately $1,383,527 [$21.10/hour x 32,785 workweeks x 2 rest period premiums].

38.    Thus, an estimate of the amount in controversy for Plaintiff's meal and rest break claims for full-time employees only is approximately **$2,767,054**.

### 3.    Non-Compliant Wage Statement Claim

39.    Defendants re-allege and incorporate by reference all of the preceding paragraphs as though stated fully herein.

40.    Plaintiff alleges that, "[a]s a result of Defendants failure to pay Plaintiff and the Classes for all minimum and overtime wages at the appropriate legal rate, and missed meal and rest period premiums, Defendants failed to include required information on Plaintiff and the Classes' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226a." Ex. A, ¶ 65.

41.    Plaintiff also alleges that "Defendants wage statements uniformly failed to state the name and address of the legal entity that is the employer in violation Labor Code Section 226(a)(8) [*sic*]." Ex. A, ¶ 65.

42.    Labor Code Section 226(e) provides that where an employer has knowingly and intentionally failed to provide an accurate wage statement, the employee "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

43.    Section 226 claims are subject to a one-year limitation period, which in this case is November 23, 2020 to the present. *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Code § 340(a). "Actual damages" incurred by members of the putative class is presently unknown. As such, Defendants calculates the amount in controversy based on the per-pay-period penalty amount set forth in Section 226(e).

44.    The class of employees Plaintiff claims is entitled to penalties under Section 226 includes approximately 262 class members employed in California from November 23, 2020 to the present, who worked approximately 10,478 weeks over that period. Because the employees at issue are paid weekly, Defendant issued approximately 10,478 wage statements to this group during this period.

45.    Given Plaintiff's allegations about systematic Labor Code violations resulting from Defendants' purported practices, it is reasonable to estimate that each putative class member suffered multiple violations at least one violation each pay period, resulting in an inaccurate wage statement. Further, Plaintiff alleges that Defendants' wage statements "uniformly" failed to include the employer's name and address. Thus, under each of Plaintiff's theories, all wage statements were deficient and the amount in controversy for this claim is **$826,400**.

### 4.    Untimely Final Wages

46.    Defendants re-alleges and incorporates by reference all of the preceding paragraphs as though stated fully herein.

47.    Plaintiff's fifth claim alleges that Defendants did not timely pay final wages. Plaintiff alleges that "Defendants willfully failed to pay Plaintiff and the Waiting Time Subclass for all hours worked, including all minimum and overtime wages, and their meal and rest period premiums, prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 203." Ex. A, ¶ 72.

48.    When an employer fails to pay earned wages due on termination, it may be assessed a waiting time penalty for each late day. The waiting time penalty is equal to the amount of the employee's daily rate of pay for each day the wages remain unpaid, up to a maximum of 30 days. Labor Code § 203.

49.    Plaintiff alleges that Defendants had a uniform policy of, among other things, not paying employees for all hours worked. Ex. A., ¶ 43 - 48. If true, all employees who separated from their employment during the class period would have unpaid wages due at termination and would therefore be entitled to waiting time penalties.

50.    A total of 131 employees separated from Goodman between November 23, 2018 through the present, Pittman Dec., ¶ 10, 126 of whom were full-time employees, 2 were part-time employees, and 4 were temporary employees.

51.    Accordingly, total potential exposure for waiting time penalties under Labor Code § 203—wages for each day up to a thirty day maximum—comes to approximately **$661,344** (126 separated employees x 30 days x 8 hours x $21.10/hour) + (2 separated employees x 30 days x 6 hours x $20.00/hour) + (4 separated employees x 30 days x 8 hours x $19.00/hour). *See Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *12 (N.D. Cal. Jun. 14, 2013) (where plaintiff alleges pervasive violations, "it is reasonable to assume that each employee leaving employment" would be owed Section 203 penalties.").

### 5.    Total Amount Of Alleged Damages In Controversy

52.    On the basis of the class action claims alleged in Plaintiff's Complaint, a reasonable estimate of the amount in controversy is $**4,520,642.18**.

### 6.    Attorneys' Fees

53.    In addition to the damages and penalties discussed above, the Complaint also seeks an award of attorneys' fees. Ex. A, ¶¶ 44, 48, 54, 78 and Prayer for Relief. Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

54.    The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

55.    In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Wheatley*, 2019 WL 688209, at *7–8 (finding that an estimate of attorneys' fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]he 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25%

presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

56. Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above could be as high as $1,130,160.55 [$4,520,642.18 x .25]. Adding this number to the purported damages and penalties the Complaint reasonably placed in controversy flowing from Plaintiff's class claims, brings the total amount in controversy to **$5,650,802.73**. Therefore, the amount Plaintiff has placed in controversy easily satisfies CAFA's $5,000,000 requirement.

57. Since Plaintiff and Defendants are citizens of different states, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, removal based on CAFA jurisdiction is proper.

58. The Court has supplemental jurisdiction over the individual claims asserted by Plaintiff in the Complaint. 28 U.S.C. section 1367(a).

## **VENUE**

59. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). Venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## **SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

60. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Sacramento as required under 28 U.S.C. § 1446(d).

1

**RESERVATION OF RIGHTS**

2   61.  By filing this Notice of Removal, Defendants do not concede nor waive any defense to

3 this action, including, but not limited to, that Plaintiff lacks standing to bring this action or the Court

4 lacks jurisdiction over some members of the putative class. Defendants reserve all defenses.

5    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of

6 California, County of Sacramento, to the United States District Court for the Eastern District of

7 California.

8

9 DATED: January 3, 2022       Respectfully submitted,

10               SEYFARTH SHAW LLP

11

12            By: /s/ Jeffrey A. Nordlander

13              Justin Curley
              Jeffrey A. Nordlander

14              Attorneys for Defendants

15              GOODMAN MANUFACTURING
              COMPANY, L.P., GOODMAN GLOBAL

16              HOLDINGS, INC., and GOODMAN
              GLOBAL GROUP, INC.

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A

FILED
Superior Court Of California,
Sacramento
11/23/2021
ddonklin
By_____, Deputy
Case Number:
**34-2021-00311588**

1  **FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
2  *josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868
4

5  **BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
6  *mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
7  Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861
8

9  *Attorneys for Plaintiff and the Putative Classes*

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **FOR THE COUNTY OF SACRAMENTO**

12
MARTIN BARTHOLOMEW, on behalf of      | CASE NO.:
13 himself and all others similarly situated,

14          Plaintiff,                 | **CLASS ACTION COMPLAINT:**

15      v.                              | (1)   FAILURE TO PAY ALL MINIMUM

16 GOODMAN MANUFACTURING             |       WAGES;
COMPANY, L.P., a Texas Limited Partnership;
17 GOODMAN GLOBAL HOLDINGS, INC., a   | (2)   FAILURE TO PAY ALL OVERTIME
Delaware Corporation; GOODMAN GLOBAL  |       WAGES;
18 GROUP, INC.; a Delaware Corporation; and
DOES 1-50, inclusive.                 | (3)   MEAL PERIOD VIOLATIONS;
19
Defendants.              | (4)   REST PERIOD VIOLATIONS;
20
| (5)   WAGE STATEMENT VIOLATIONS;
21
| (6)   WAITING TIME PENALTIES; and
22
| (7)   UNFAIR COMPETITION
23
24                                     | **DEMAND FOR JURY TRIAL**
25
26
27
28

                        **CLASS ACTION COMPLAINT**

1　　　Plaintiff Martin Bartholomew ("Plaintiff") on behalf of himself, and all other similarly

2　situated employees, alleges, and complains of defendants Goodman Manufacturing Company, L.P.,

3　Goodman Global Group, Inc., Goodman Global Holdings, Inc, and DOES 1 to 50 (collectively,

4　"Defendants" and/or "Goodman") and each of them, as follows:

5　　　　　　　　　　　　　　　　　　**INTRODUCTION**

6　　　1.　　Defendants are the world's largest manufacturer of HVAC products and systems.

7　Goodman was founded in 1975, manufacturing and selling their products globally with a major

8　presence in California. Defendant operates a manufacturing and distribution facility in Sacramento,

9　California, as well as various other facilities throughout California. Plaintiff brings this class action

10　against Defendants for alleged violations of the California Labor Code and Business and Professions

11　Code.

12　　　2.　　As set forth below, Plaintiff alleges that Defendants had a uniform practice/policy that

13　did not credit Plaintiff and other similarly situated employees with time spent undergoing screening

14　for COVID-19, which over time resulted in a failure to pay for all hours worked. Plaintiff further

15　alleges that Defendants failed to pay all overtime compensation at the legal rate, and that Defendants'

16　meal and rest period policies and practices failed to provide him and all other similarly situated

17　employees with compliant meal and rest periods, or premium wages in lieu thereof. Additionally,

18　Plaintiff alleges that Defendants failed to provide non-exempt employees with accurate written

19　itemized wage statements and failed to timely pay final wages upon separation of employment. Based

20　on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages,

21　restitution, penalties, and other related relief on behalf of himself and all others similarly situated.

22　　　　　　　　　　　　　　**JURISDICTION AND VENUE**

23　　　3.　　Plaintiff, on behalf of himself and all others similarly situated employees hereby brings

24　this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-

25　203, 204, 210, 226a, 226.7, 510, 516, 512, 1182.12, 1194, 1194.2, and 1197 and applicable Industrial

26　Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking declaratory relief and

27　restitution pursuant to California Business and Professions Code § 17200, *et. seq*. This class action is

28　brought pursuant to California Code of Civil Procedure § 382.

1     4.    This Court has jurisdiction over Defendants' violations of the California Labor Code

2  and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional

3  minimum.

4     5.    Venue is proper in this judicial district pursuant to California Code of Civil Procedure

5  §§ 395(a) and 395.5, as most of the acts and omissions complained of herein occurred in the City of

6  Sacramento, County of Sacramento. Defendants own, maintain offices, transact business, have an

7  agent or agents within the County of Sacramento, and/or otherwise are found within the County of

8  Sacramento, and Defendants are within the jurisdiction of this Court for purposes of service of

9  process.

10                   **PARTIES**

11     6.    At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is a

12  California resident residing in the State of California. Defendants employed Plaintiff as a non-exempt

13  employee with the title of "Warehouse Coordinator" in Sacramento, California in the County of

14  Sacramento.

15     7.    Plaintiff is informed and believes and thereon alleges that defendant Goodman

16  Manufacturing Co., L.P., is a Texas Limited Partnership authorized to and doing business in

17  Sacramento County, California, and is and/or was the legal employer of Plaintiff and the Class

18  Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants'

19  policies and/or practices complained of herein and has been deprived of the rights guaranteed to him

20  by California Labor Code §§ 201-203, 204, 210, 226a, 226.7, 510, 512, 516, 1182.12, 1194, 1194.2,

21  1197, and California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

22     8.    Plaintiff is informed and believes and thereon alleges that defendant Goodman Global

23  Group, Inc., is a Delaware Corporation authorized to and doing business in Sacramento County,

24  California, and is and/or was the legal employer of Plaintiff and the Class Members during the

25  applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices

26  complained of herein and has been deprived of the rights guaranteed to him by California Labor Code

27  §§ 201-203, 204, 210, 226a, 226.7, 510, 512, 516, 1182.12, 1194, 1194.2, 1197, and California

28  Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

1    9.    Plaintiff is informed and believes and thereon alleges that defendant Goodman Global

2  Holdings, Inc., is a Delaware Corporation authorized to and doing business in Sacramento County,

3  California, and is and/or was the legal employer of Plaintiff and the Class Members during the

4  applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices

5  complained of herein and has been deprived of the rights guaranteed to him by California Labor Code

6  §§ 201-203, 204, 210, 226a, 226.7, 510, 512, 516, 1182.12, 1194, 1194.2, 1197, and California

7  Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

8    10.    Plaintiff is informed and believes, and based thereon alleges, that during the four years

9  preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to

10  do) business in the State of California, County of Sacramento. Defendants operate/manage their

11  facility at 4750 Lang Ave, Building 786D, Sacramento, California.

12    11.    Plaintiff does not know the true names or capacities, whether individual, partner, or

13  corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said

14  Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to

15  amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and

16  believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or

17  corporate, were responsible in some manner for the acts and omissions alleged herein, and

18  proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices

19  alleged herein.

20    12.    Plaintiff is informed, and believes, and thereon allege, that at all times mentioned

21  herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all

22  times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter

23  alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of

24  them, were the agents, servants, and employees of each and every one of the other Defendants, as

25  well as the agents of all Defendants, and at all times herein mentioned were acting within the course

26  and scope of said agency and employment. Defendants, and each of them, approved of, condoned,

27  and/or otherwise ratified each and every one of the acts or omissions complained of herein.

28

1    13.    At all times mentioned herein, Defendants, and each of them, were members of and

2 engaged in a joint venture, partnership, and common enterprise, and acting within the course and

3 scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff

4 alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the

5 Classes.

6                                    **COMMON FACTUAL ALLEGATIONS**

7    14.    Defendants are the world's largest HVAC manufacturers and distributors. Defendants

8 operate a manufacturing plant in Sacramento, California as well as multiple other facilities in

9 Sacramento and across California.

10    15.    Plaintiff was employed by Defendants as a non-exempt warehouse coordinator

11 employee at the Sacramento warehouse. Plaintiff and other non-exempt employees are or were

12 employed as non-exempt employees in Defendants' warehouses and other facilities in California.

13 Plaintiff and other non-exempt employees were responsible for all aspects of manufacturing,

14 packaging, sales, and distribution.

15    16.    At all relevant times, Plaintiff alleges other non-exempt employees were subjected to

16 the same policies, procedures, and practices, working conditions, and corresponding wage and hour

17 violations to which Plaintiff was subjected during his employment.

18    17.    First, at all relevant times, in light of the COVID-19 pandemic, Defendants instituted a

19 uniform policy/practice of conducting temperature checks for non-exempt employees as they entered

20 the work premises. These temperature checks occurred before employees clocked in and resulted in

21 time non-exempt employees did not receive compensation.

22    18.    Due to Defendants' COVID-19 temperature checks, Plaintiff and other non-exempt

23 employees were not fully compensated for all minimum and overtime wages as required by the

24 California Labor Code and applicable Wage Orders. Defendants have no valid defense to this claim

25 given the California Supreme Court's recent unanimous decision in *Frlekin v. Apple, Inc.* (2020) 8

26 Cal.5th 1038, which held that employees "must be paid" during security checks since "it is clear that

27 [employees] are subject to [the employer's] control while awaiting, and during, [the] exit searches."

28

19.    As a result, Plaintiff and other non-exempt employees were not properly paid for all hours worked, including overtime hours, in violation of Cal. Labor Code §204, 510, 1194, 1197.1, 1199, and applicable Wage Orders. Additionally, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for hours worked in excess of eight hours per shift.

20.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for all hours worked in excess of eight hours per workday or 40 hours per workweek. When Plaintiff and the other non-exempt employees worked overtime hours, Defendants failed to include all compensation, including but not limited to all non-discretionary bonus payments and other forms of renumeration, when calculating the regular rate of pay used in overtime calculations. For instance, Defendants routinely paid Plaintiff and other non-exempt employees bonuses linked to Defendants' sales. Defendants would issue a separate check for the bonuses. However, Defendants omitted these bonus payments when calculating the regular rate of pay used in overtime calculations and when paying overtime to Plaintiff and the other non-exempt employees.

21.    Under the California Labor Code (as well as the FLSA), courts have held that regularly paid non-discretionary incentive pay/bonuses must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime.

22.    Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work.

23.    Pursuant to Section 3 of the applicable Wage Orders, employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without

6

1  compensating them at the rate of one-half (1 1/2) their regular rate of pay, Defendants willfully
2  violated the provisions of Labor Code § 510 and applicable Wage Orders.

3      24.    As a result of Defendants' failure to include all forms of compensation in calculating
4  the regular rate as set forth above, Defendants failed to compensate Plaintiff and other non-exempt
5  employees for all overtime wages at the proper rates. Plaintiff and other non-exempt employees are
6  entitled to recover liquidated damages for violations of Labor Code § 1197.1.

7      25.    Next, at all relevant times, Plaintiff and other non-exempt employees were denied
8  legally compliant and timely off-duty meal periods of at least thirty (30) minutes due to Defendants'
9  unlawful policies/practices, including, but not limited to, rough demands of the job and staffing
10  shortages, that often prevented Plaintiff and other non-exempt employees from taking compliant 30-
11  minute first meal periods before the end of the fifth hour of work, and second meal periods before the
12  end of the tenth hour of work as required by California law.

13      26.    Additionally, Defendants failed to adequately pay Plaintiff and other non-exempt
14  employees' payment for meal period premiums for non-compliant meal periods in compliance with
15  *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858. In *Ferra*, the California Supreme
16  Court made clear that payment of meal (and rest) period premiums must include more than just the
17  employee's base hourly rate but their "regular rate of pay," which is used to calculate overtime pay,
18  which includes other forms of compensation, including, but not limited to, non-discretionary bonuses
19  and shift pay, and is often higher than the base hourly rate. Throughout Plaintiff's employment,
20  Defendants failed to adequately pay missed or late meal and rest period premiums at the appropriate
21  regular rate of pay, if at all.

22      27.    Based on the foregoing, Plaintiff seeks to recover on behalf of himself and other non-
23  exempt employees' meal period premiums and penalties. Consequently, Defendants has violated
24  Labor Code §§ 226.7, 512, 516 and applicable Wage Orders. Plaintiff and other non-exempt
25  employees would be entitled to recover penalties under Labor Code §226.7.

26      28.    Furthermore, at all relevant times, Defendants failed and continues to fail to authorize
27  and permit Plaintiff and other non-exempt employees from taking legally compliant rest periods.
28  Plaintiff and other non-exempt employees were often unable to take legally compliant rest periods,

7

1   or have their rest periods cut short, due to the demands of the job, interruption by supervisors, staffing
2   shortages and job responsibilities. As a result, Plaintiff and other non-exempt employees were and
3   are often unable to take (10) minute duty free rest periods for every major fraction of four hours
4   worked. This includes a second rest period for shifts in excess of six hours, and a third rest period for
5   shifts in excess of 10 hours in a workday.

6        29.    By not relieving all non-exempt employees of all duties during rest periods, Defendants
7   failed to provide code compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016) 2
8   Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties
9   and relinquish control over how employees spend their time."]. In *Augustus*, the court expressly
10  rejected the employers' assertion that it could provide an on-duty rest period to employees who
11  worked as security guards and further explained "that employers [must] relinquish any control over
12  how employees spend their break time and relieve their employees of all duties." *Id.* at 273.

13       30.    Moreover, Defendants has no procedure in place to provide rest period premiums for
14  missed rest periods. As such, each time Plaintiff and other non-exempt employees were unable to
15  take a compliant rest period, Defendants failed and continues to fail to adequately pay rest period
16  premium payments at the "regular rate of pay" as required by Labor Code § 226.7. As a result of
17  Defendants' unlawful rest period policy/practices, Plaintiff seeks to recover on behalf of himself and
18  all non-exempt employees' rest period premiums and penalties under Labor Code § 226.7 and § 512.

19       31.    As a result of Defendants' failure to pay for all hours worked, failure to pay the correct
20  overtime rate, failure to pay meal period and rest period premiums for missed/non-compliant meal
21  periods and rest periods, Defendants issued wage statements which failed to accurately identify the
22  gross wages earned, the total hours worked, the net wages earned, and the correct corresponding
23  number of hours worked at each hourly rate, in violation of Labor Code §226(a) (1, 2, 5, and 9).
24  Additionally, the wage statements provided by Defendants to Plaintiff and other non-exempt
25  employees fail to state the "name and legal address of the entity that is the employer" in direct
26  violation of Labor Code § 226(a)(8). Attached hereto as **Exhibit "A"** is a true and correct copy of
27  Mr. Bartholomew's wage statement from Defendants that fails to include the name and address of
28  the legal entity (i.e., "Goodman Manufacturing Co. LP") that is the employer. Plaintiff is informed

1   and believes that Defendants uniformly deceived him and other non-exempt employees through their

2   wage statements.

3       32.    Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of

4   Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

5   employee per violation in an initial violation and one thousand dollars ($1,000) per employee for

6   each violation in a subsequent citation, for which the employer fails to provide the employee a wage

7   deduction statement or fails to keep the required in subdivision (a) of Section 226."

8       33.    Thus, for the violations of Labor Code section 226 described above, Plaintiff and other

9   non-exempt employees may also recover Labor Code § 226.3 penalties for Defendants' violations of

10  Labor Code § 226(a). As such, the wage statements Defendants issued to Plaintiff and other non-

11  exempt employees are in violation of Labor Code § 226 (a). Thus, Defendants have violated Labor

12  Code §226(a) with respect to Plaintiff and other non-exempt employees.

13      34.    Finally, because of, Defendants' failure to pay all minimum and overtime wages, and

14  meal and rest period premiums at the appropriate legal rate, Defendants also failed and continues to

15  fail to pay other non-exempt employees all wages owed at their time of separation from employment

16  in violation of Labor Code §§ 201-203 and applicable Wage Orders. Thus, non-exempt employees

17  would be entitled to recover penalties under Labor Code §§ 201-203.

18                          **CLASS ACTION ALLEGATIONS**

19      35.    Plaintiff brings this action on behalf of himself and the following Classes pursuant to

20  § 382 of the Code of Civil Procedure:

21      (1)    All non-exempt employees who work or worked for Defendants in

22             California, during the four years immediately preceding the filing of the
               Complaint through the date of trial. ("Class")

23      (2)    All non-exempt employees who worked for Defendants in California and

24             who worked overtime hours during at least one shift and earned a non-
               discretionary bonus payment, during the four years immediately preceding

25             the filing of the Complaint through the date of trial. ("Overtime Reg Rate

26             Subclass")

27      (3)    All non-exempt employees who worked for Defendants in California, and

28             who have separated their employment with Defendants during one year

                                    9
                       **CLASS ACTION COMPLAINT**

immediately preceding the filing of the Complaint through the date of trial.
("Waiting Time Subclass")

(4)    All employees who work or worked for Defendants in California and who received at least one wage statement, during the one year immediately preceding the filing of the Complaint through the date of trial
("Wage Statement Subclass")

(collectively "the Classes")

36.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment and payroll records.

37.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1.    Whether Defendants' COVID-19 screening policies/practices resulted in a failure to pay for all hours worked to the members of the Classes;

2.    Whether Defendants' payroll policies/practices resulted in a failure to pay overtime at the appropriate premium rate resulted to members of the Overtime Subclass;

3.    Whether Defendants provided legally compliant meal and rest periods or appropriate compensation in lieu thereof to members of the Classes;

4.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a); and

5.    Whether the timing and amount of payment of final wages to members of the Waiting Time Subclass at the time of separation from employment were unlawful.

38.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common

10

**CLASS ACTION COMPLAINT**

1    questions of law set forth above are numerous and substantial and stem from Defendants' policies
2    and/or practices applicable to each individual class member, such as Defendants' uniform
3    policy/practice of failing to pay for time spent undergoing temperature screening during the COVID-
4    19 pandemic, policy/practice of failing to account for non-discretionary bonus payments in
5    calculating employees' regular rate for overtime purposes, Defendants' uniform policy of failing to
6    provide compliant meal and rest periods, and Defendants' resulting failure to provide accurate
7    itemized wage statements, and to pay for all wages due upon separation of employment. As such, the
8    common questions predominate over individual questions concerning each individual class member's
9    showing as to his or her eligibility for recovery or as to the amount of his or her damages.

10    39.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because
11    Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s)
12    of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein,
13    Plaintiff, like the members of the Classes was deprived of minimum and overtime wages, was
14    deprived of meal and rest period premium wages, was subject to Defendants' uniform meal and rest
15    period policies/practices, was not provided accurate itemized wage statements, and was not paid all
16    wages owed at the time of his separation of employment.

17    40.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to
18    represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's
19    attorneys are ready, willing and able to fully and adequately represent the members of the Classes.
20    Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions
21    in state and federal courts and are committed to vigorously prosecuting this action on behalf of the
22    members of the Classes.

23    41.    **Superiority**: The California Labor Code is broadly remedial in nature and serves an
24    important public interest in establishing minimum working conditions and standards in California.
25    These laws and labor standards protect the average working employee from exploitation by
26    employers who have the responsibility to follow the laws and who may seek to take advantage of
27    superior economic and bargaining power in setting onerous terms and conditions of employment. The
28    nature of this action and the format of laws available to Plaintiff and members of the Classes make

1   the class action format a particularly efficient and appropriate procedure to redress the violations

2   alleged herein. If each employee were required to file an individual lawsuit, Defendants would

3   necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the

4   limited resources of each individual plaintiff with their vastly superior financial and legal resources.

5      42.   Moreover, requiring each member of the Classes to pursue an individual remedy would

6   also discourage the assertion of lawful claims by employees who would be disinclined to file an action

7   against their former and/or current employer for real and justifiable fear of retaliation and permanent

8   damages to their careers at subsequent employment. Further, the prosecution of separate actions by

9   the individual class members, even if possible, would create a substantial risk of inconsistent or

10   varying verdicts or adjudications with respect to the individual class members against Defendants

11   herein; and which would establish potentially incompatible standards of conduct for Defendants;

12   and/or legal determinations with respect to individual class members which would, as a practical

13   matter, be dispositive of the interest of the other class members not parties to adjudications or which

14   would substantially impair or impede the ability of the class members to protect their interests.

15   Further, the claims of the individual members of the class are not sufficiently large to warrant

16   vigorous individual prosecution considering all of the concomitant costs and expenses attending

17   thereto. As such, the Classes identified in Paragraph 35 are maintainable as Classes under § 382 of

18   the Code of Civil Procedure.

19                 **FIRST CAUSE OF ACTION**

20                **MINIMUM WAGE VIOLATIONS**

21                 **(AGAINST ALL DEFENDANTS)**

22      43.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23      44.   Section 4 of the applicable Wage Orders and California Labor Code §§ 1197 and

24   1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts

25   set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been

26   paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance

27   together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to

28   the unpaid wages and interest accrued thereon.

**CLASS ACTION COMPLAINT**

45.   At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful practice of failing to pay for all off-the clock work by requiring Plaintiff and other non-exempt employees to undergo temperature screening, during the COVID-19 pandemic, prior to clocking in, which resulted in these individuals not being paid for all hours worked. Accordingly, Plaintiff and members of the Classes were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and applicable Wage Orders.

46.   Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

47.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and applicable Wage Orders.

48.   Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 558, 1194 *et seq*., 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

49.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

50.   This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

51.   At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Class and Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

52.   Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Classes at one and one-half times their regular rate of pay for such hours.

53.   Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful policy/practice of (1) failing to pay for off-the clock Covid-19 screening, and (2) failing to account for non-discretionary bonuses in calculating the regular rate for calculating members of the Class and Overtime Subclass overtime rate which resulted in these individuals not being paid all overtime wages owed.

54.   The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Classes and Overtime Subclass in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210. 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

55.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

14

**CLASS ACTION COMPLAINT**

56. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

57. As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

58. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

59. Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

60. Due to their unlawful rest period policy and practices, Defendants did not authorize and permit Plaintiff and members of the Class to take any rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and members of the Class at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

61. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (AGAINST ALL DEFENDANTS)

62. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

15

CLASS ACTION COMPLAINT

63.    Labor Code 226(a) states in pertinent part the following:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."

64.    As set forth above, during the Class Period, Defendants issued and continues to issue wage statements to its employees including Plaintiff and members of the Wage Statement Penalty Subclass, which are inadequate under Labor Code Section 226(a).

65.    As a result of Defendants failure to pay Plaintiff and the Classes for all minimum and overtime wages at the appropriate legal rate, and missed meal and rest period premiums, Defendants failed to include required information on Plaintiff and the Classes' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226a. Additionally, Defendants wage statements uniformly failed to state the name and address of the legal entity that is the employer in violation Labor Code Section 226(a)(8).

66.    Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

67.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty

1 of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendants

2 pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

6    68.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

7    69.    The actionable period for this cause of action is three years prior to the filing of this

8 Complaint through the present, and on-going until the violation are corrected or the class is certified.

9    70.    Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing

10 to Plaintiff and the Waiting Time Class during the actionable period for this cause of action at or

11 around the time that their employment is or was terminated or ended.

12    71.    Labor Code § 203 provides that if an employer willfully fails to pay compensation

13 promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, then the

14 employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

15    72.    Defendants willfully failed to pay Plaintiff and the Waiting Time Subclass for all hours

16 worked, including all minimum and overtime wages, and their meal and rest period premiums, prior

17 to or upon termination or separation from employment with Defendants as required by Labor Code

18 §§ 201 and 202.

19    73.    As a result, Defendants are liable to Plaintiff and the Waiting Time Subclass for waiting

20 time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass

21 pursuant to Labor Code § 203. *See*, e.g. DLSE Manual, 4.3.4 (Failure to pay any sort of wages due

22 upon termination entitles an employee to recover waiting time penalties).

### SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

26    74.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

27    75.    Defendants have engaged and continue to engage in unfair and/or unlawful business

28 practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by

17

**CLASS ACTION COMPLAINT**

1  failing to pay all minimum and overtime wages at the appropriate legal rate, by failing to provide all

2  legally required meal and rest periods or pay premium payments in lieu thereof, by failing to provide

3  accurate wage statements, and by failing to pay all earned wages at the time of separation from

4  employment.

5        76.    Defendants' utilization of these unfair and/or unlawful business practices deprived

6  Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

7  entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

8  Defendants' competitors who have been and/or are currently employing workers and attempting to

9  do so in honest compliance with applicable wage and hour laws.

10        77.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged

11  herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

12  monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or

13  converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

14        78.    The acts complained of herein occurred within the last four years immediately

15  preceding the filing of the Complaint in this action.

16        79.    Plaintiff was compelled to retain the services of counsel to file this court action to

17  protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of

18  Defendants' current hourly non-exempt employees and to enforce important rights affecting the

19  public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which

20  he is entitled to recover under Code of Civil Procedure § 1021.5.

21        **PRAYER FOR RELIEF**

22        **WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf

23  this suit is brought against Defendants, as follows:

24      1.    For an order certifying the proposed Classes;

25      2.    For an order-appointing Plaintiff as representative of the Classes;

26      3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

27      4.    Upon the First Cause of Action, for compensatory, consequential, general and special

28  damages according to proof pursuant to Labor Code §§ 204, 210, 510, and 1194;

5.    Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, and 1198;

6.    Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

7.    Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8.    Upon the Fifth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

9.    Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203.

10.    Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

11.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, and Code of Civil Procedure § 1021.5; and

13.    For such other relief that the Court may deem just and proper.

Dated:  November 22, 2021

**FALAKASSA LAW, P.C.**
**BOKHOUR LAW GROUP, P.C.**

By: _____
Joshua Falakassa, Esq.
Mehrdad Bokhour, Esq.
Attorneys for Plaintiff Martin Bartholomew and the
Putative Classes

19

**CLASS ACTION COMPLAINT**

# EXHIBIT "A"

19001 KERMIER RD
WALLER, 77484
7138612500


Goodman
a member of **DAIKIN** group

| Co.No | EMPLOYEE NAME | EMP. NO. | BEGINNING PERIOD | ENDING PERIOD | CHECK DATE | CHECK NO. |
|-------|---------------|----------|------------------|---------------|------------|-----------|
| 002 | MARTIN A BARTHOLOMEW | 50859 | 3/21/2021 | 3/27/2021 | 4/01/2021 | 320258 |

| | | |
|---|---|---|
| TOTAL HOURS | 34.38 | |
| REGHR | 17.53 | 20.60 |
| OVERT | 0.85 | 30.90 |
| SICKP | 16.00 | 20.60 |
| PTO BALANCE | | |
| VAC | 80.00 | |
| SICK | 24.00 | |

| EARNINGS | CURRENT | Y-T-D | DEDUCTIONS | CURRENT | Y-T-D |
|----------|---------|-------|------------|---------|-------|
| REGULAR | 361.12 | 6,688.41 | FEDERAL TAX | 24.87 | 440.25 |
| OVERTIME | 26.27 | 728.95 | SOCIAL SECURITY | 40.04 | 479.24 |
| SICK | 329.60 | 494.40 | MEDICARE | 9.36 | 112.08 |
| HOLIDAY | 0.00 | 164.80 | CALIFORNIA | 13.58 | 230.08 |
| BONUS | 0.00 | 350.00 | PRE-TAX MEDICAL | 48.42 | 474.20 |
| GROSS PAY | 716.99 | 8,426.56 | PRE-TAX DENTAL | 22.31 | 218.10 |
| | | | PRE-TAX VISION | 0.35 | 4.55 |
| | | | CH SUPPORT FEE | 4.60 | 46.00 |
| | | | CHILD SUPPORT | 256.82 | 2,552.79 |
| | | | DIR DEP NET | 296.64 | 3,869.27 |

19001 KERMIER RD
WALLER, 77484
7138612500



| Co.No | EMPLOYEE NAME | EMP. NO. | BEGINNING PERIOD | ENDING PERIOD | CHECK DATE | CHECK NO. |
|-------|---------------|----------|------------------|---------------|------------|-----------|
| 002 | MARTIN A BARTHOLOMEW | 50859 | 3/28/2021 | 4/03/2021 | 4/09/2021 | 321455 |

TOTAL HOURS          9.58

REGHR                1.58          20.60
HOLDY                8.00          20.60

PTO BALANCE

VAC                 80.00
SICK                24.00

| EARNINGS | CURRENT | Y-T-D | DEDUCTIONS | CURRENT | Y-T-D |
|----------|---------|-------|------------|---------|-------|
| REGULAR | 32.55 | 6,720.96 | FEDERAL TAX | 0.00 | 440.25 |
| OVERTIME | 0.00 | 728.95 | SOCIAL SECURITY | 7.83 | 487.07 |
| SICK | 0.00 | 494.40 | MEDICARE | 1.83 | 113.91 |
| HOLIDAY | 164.80 | 329.60 | CALIFORNIA | 1.51 | 231.59 |
| BONUS | 0.00 | 350.00 | PRE-TAX MEDICAL | 48.42 | 522.62 |
| GROSS PAY | 197.35 | 8,623.91 | PRE-TAX DENTAL | 22.31 | 240.41 |
| | | | PRE-TAX VISION | 0.35 | 4.90 |
| | | | CH SUPPORT FEE | 4.60 | 50.60 |
| | | | CHILD SUPPORT | 92.45 | 2,645.24 |
| | | | DIR DEP NET | 18.05 | 3,887.32 |

19001 KERMIER RD
WALLER, 77484
7138612500



Goodman
a member of **DAIKIN** group

| Co.No | EMPLOYEE NAME | EMP. NO. | BEGINNING PERIOD | ENDING PERIOD | CHECK DATE | CHECK NO. |
|-------|---------------|----------|------------------|---------------|------------|-----------|
| 002 | MARTIN A BARTHOLOMEW | 50859 | 5/02/2021 | 5/06/2021 | 5/13/2021 | 330488 |

TOTAL HOURS             0.00

PTO BALANCE

   VAC               80.00
   SICK              24.00

| EARNINGS | CURRENT | Y-T-D | DEDUCTIONS | CURRENT | Y-T-D |
|----------|---------|-------|------------|---------|-------|
| REGULAR | 0.00 | 6,720.96 | FEDERAL TAX | 77.00 | 517.2S |
| OVERTIME | 0.00 | 728.95 | SOCIAL SECURITY | 21.70 | 508.77 |
| SICK | 0.00 | 494.40 | MEDICARE | 5.08 | 118.99 |
| HOLIDAY | 0.00 | 329.60 | CALIFORNIA | 27.30 | 258.89 |
| BONUS | 350.00 | 700.00 | PRE-TAX MEDICAL | 0.00 | 522.62 |
| GROSS PAY | 350.00 | 8,973.91 | PRE-TAX DENTAL | 0.00 | 240.41 |
| | | | PRE-TAX VISION | 0.00 | 4.90 |
| | | | CH SUPPORT FEE | 0.00 | 50.60 |
| | | | CHILD SUPPORT | 0.00 | 2,645.24 |
| | | | DIR DEP NET | 218.92 | 4,106.24 |

19001 KERMIER RD
WALLER, 77484
7138612500



| Co.No | EMPLOYEE NAME | EMP. NO. | BEGINNING PERIOD | ENDING PERIOD | CHECK DATE | CHECK NO. |
|-------|---------------|----------|------------------|---------------|------------|-----------|
| 002 | MARTIN A BARTHOLOMEW | 50859 | 8/01/2021 | 8/04/2021 | 8/13/2021 | 353880 |

TOTAL HOURS            0.00

PTO BALANCE

   VAC            80.00
   SICK           24.00

| EARNINGS | CURRENT | Y-T-D | DEDUCTIONS | CURRENT | Y-T-D |
|----------|---------|-------|------------|---------|-------|
| REGULAR | 0.00 | 6,720.96 | FEDERAL TAX | 77.00 | 594.25 |
| OVERTIME | 0.00 | 728.95 | SOCIAL SECURITY | 21.70 | 530.47 |
| SICK | 0.00 | 494.40 | MEDICARE | 5.07 | 124.06 |
| HOLIDAY | 0.00 | 329.60 | CALIFORNIA | 27.30 | 286.19 |
| BONUS | 350.00 | 1,050.00 | PRE-TAX MEDICAL | 0.00 | 522.62 |
| GROSS PAY | 350.00 | 9,323.91 | PRE-TAX DENTAL | 0.00 | 240.41 |
| | | | PRE-TAX VISION | 0.00 | 4.90 |
| | | | CH SUPPORT FEE | 0.00 | 50.60 |
| | | | CHILD SUPPORT | 0.00 | 2,645.24 |
| | | | DIR DEP NET | 218.93 | 4,325.17 |

19001 KERMIER RD
WALLER, 77484
7138612500



| Co.No | EMPLOYEE NAME | EMP. NO. | BEGINNING PERIOD | ENDING PERIOD | CHECK DATE | CHECK NO. |
|-------|---------------|----------|------------------|---------------|------------|-----------|
| 002 | MARTIN A BARTHOLOMEW | 50859 | 9/19/2021 | 9/24/2021 | 10/01/2021 | 366179 |

| TOTAL HOURS | 55.20 | |
|-------------|-------|--|
| VACTM | 55.20 | 21.01 |

PTO BALANCE

| | | |
|--|--|--|
| VAC | 80.00 |
| SICK | 24.00 |

| EARNINGS | CURRENT | Y-T-D | DEDUCTIONS | CURRENT | Y-T-D |
|----------|---------|-------|------------|---------|-------|
| REGULAR | 0.00 | 6,720.96 | FEDERAL TAX | 86.55 | 680.80 |
| OVERTIME | 0.00 | 728.95 | SOCIAL SECURITY | 71.91 | 602.38 |
| VACATION | 1,159.86 | 1,159.86 | MEDICARE | 16.82 | 140.88 |
| SICK | 0.00 | 494.40 | CALIFORNIA | 55.75 | 341.94 |
| HOLIDAY | 0.00 | 329.60 | PRE-TAX MEDICAL | 0.00 | 522.62 |
| BONUS | 0.00 | 1,050.00 | PRE-TAX DENTAL | 0.00 | 240.41 |
| GROSS PAY | 1,159.86 | 10,483.77 | PRE-TAX VISION | 0.00 | 4.90 |
| | | | CH SUPPORT FEE | 0.00 | 50.60 |
| | | | CHILD SUPPORT | 0.00 | 2,645.24 |
| | | | DIR DEP NET | 928.83 | 5,254.00 |

# EXHIBIT B

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Tel.:  (916) 448-0159
Fax:  (916) 558-4839

Attorneys for Defendants
GOODMAN MANUFACTURING COMPANY, L.P.,
GOODMAN GLOBAL HOLDINGS, INC., and
GOODMAN GLOBAL GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| MARTIN BARTHOLOMEW, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODMAN MANUFACTURING COMPANY, L.P., a Texas Limited Partnership; GOODMAN GLOBAL HOLDINGS, INC., a Delaware Corporation; GOODMAN GLOBAL GROUP, INC., a Delaware Corporation; and DOES 1-50, inclusive.,<br><br>Defendants. | Case No. 34-2021-00311588<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF MARTIN BARTHOLOMEW'S PUTATIVE CLASS ACTION COMPLAINT** |

Defendants Goodman Manufacturing Company, L.P., Goodman Global Holdings, Inc., and Goodman Global Group, Inc. (collectively "Defendants"), hereby answer the unverified Complaint filed by Plaintiff Martin Bartholomew ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## ADDITIONAL DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The additional defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any additional defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following additional defenses to the Complaint:

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Claim For Relief)

1.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND ADDITIONAL DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 337, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and California Labor Code section 203(b).

DEFENDANTS' ANSWER TO PLAINTIFF MARTIN BARTHOLOMEW'S PUTATIVE CLASS ACTION COMPLAINT

## THIRD ADDITIONAL DEFENSE

### (No Standing)

3.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to pursue the claims for relief in the Complaint on behalf of some or all current or former employees on whose behalf he brought the action.

## FOURTH ADDITIONAL DEFENSE

### (Estoppel)

4.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendants.

## FIFTH ADDITIONAL DEFENSE

### (Unclean Hands)

5.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## SIXTH ADDITIONAL DEFENSE

### (*Laches*)

6.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of *laches*. Plaintiff exercised inexcusable delay in pursuing his claims herein. Additionally, employees are instructed on how to report any alleged improper activity. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged improper conduct, their causes of action are barred by the doctrine of *laches*.

## SEVENTH ADDITIONAL DEFENSE

### (Offset)

7.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled to an offset for any overpayment of wages, business expenses, forgiveness of debt, and/or other consideration previously provided to Plaintiff.

3

## EIGHTH ADDITIONAL DEFENSE

### (Ratification)

8.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff and/or any current or former employees on whose behalf he brought the action ratified Defendants' alleged actions.

## NINTH ADDITIONAL DEFENSE

### (Waiver)

9.      The Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff and/or the current or former employees on whose behalf he brought the action have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

## TENTH ADDITIONAL DEFENSE

### (*Res Judicata*/Collateral Estoppel/Claim Splitting)

10.      The Complaint is barred by the doctrines of *res judicata*, collateral estoppel, and/or claim splitting, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits or in other pending or past actions.

## ELEVENTH ADDITIONAL DEFENSE

### (Release)

11.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have given a release in exchange for adequate consideration.

## TWELFTH ADDITIONAL DEFENSE

### (Accord and Satisfaction)

12.      Defendants allege that Plaintiff's claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and/or the current or former employees on whose behalf he brought the action were properly and fully compensated for all work performed for Defendants, and acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants.

4

### THIRTEENTH ADDITIONAL DEFENSE

### (Contribution by Plaintiff's Own Acts)

13.    The Complaint, and each purported cause of action alleged therein, is barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by the acts, omissions, and/or failure to act by Plaintiff and/or the current or former employees on whose behalf he brought the action.

### FOURTEENTH ADDITIONAL DEFENSE

### (Avoidable Consequences)

14.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of avoidable consequences.

### FIFTEENTH ADDITIONAL DEFENSE

### (No Knowledge, Authorization, or Ratification)

15.    Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, they did so without the knowledge, authorization, or ratification of Defendants.

### SIXTEENTH ADDITIONAL DEFENSE

### (Failure to Inform Employer of Alleged Violations)

16.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Defendants did not have actual or constructive knowledge, or any reason to know, about any alleged unlawful conduct or purported complaints, any alleged failure to pay wages, or any purported late, missed, or interrupted meal periods or rest periods allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees. Defendants did not have actual or constructive knowledge, or any reason to know, about any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or any other purportedly similarly situated current or former employees. Defendants did not have actual or constructive knowledge, or any reason to know, that Plaintiff or any other purportedly similarly situated current or former employees were denied any meal or rest periods. Defendants did not have actual or constructive knowledge, or any reason to know, that Plaintiff or any other purportedly similarly situated current or former employees did not obtain

5

reimbursement for alleged business expenses. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his lawsuit.

## SEVENTEENTH ADDITIONAL DEFENSE

### (Good Faith Dispute)

17.    Plaintiff's claims based on a violation of California Labor Code Sections 201 and 202 are barred to the extent that Defendants and Plaintiff and/or the current or former employees on whose behalf he brought the action had a good-faith dispute as to whether any wages or premiums were due at the time of termination of employment. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are subsequently able to allege that their employment has been terminated, either by involuntary discharge or voluntary resignation, Defendants believe in good faith that all wages and premiums have been, or will have been, paid to Plaintiff and/or the current or former employees on whose behalf he brought the action.

## EIGHTEENTH ADDITIONAL DEFENSE

### (*De Minimis* Doctrine)

18.    Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or the current or former employees on whose behalf he brought the action were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. *See, e.g., Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018), *as modified on denial of reh'g* (Aug. 29, 2018) (observing that employers may not be reasonably required to compensate employees for time spent on activities that are minute or irregular); *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-1058 (9th Cir. 2010) ("most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable.").

## NINETEENTH ADDITIONAL DEFENSE

### (Lack of Knowledge)

19.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any other purportedly similarly-situated current or former employees. *See*, *e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation").

## TWENTIETH ADDITIONAL DEFENSE

### (No Knowing and Intentional Violation)

20.     Plaintiff's Complaint is barred to the extent that Plaintiff and/or any current or former employees on whose behalf he brought the action cannot allege any facts showing that Defendants, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code section 226. Plaintiff and the current or former employees on whose behalf he brought the action have, therefore, have no claim pursuant to California Labor Code section 226.

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Labor Code § 2856)

21.     This Complaint is barred by Labor Code § 2856 to the extent that Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

////

////

////

////

## TWENTY-SECOND ADDITIONAL DEFENSE

### (No Injury)

22.     Plaintiff and/or any current or former employees on whose behalf he brought the action have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Failure to Take Provided Meal Periods or Rest Breaks)

23.     Plaintiff's claims for failure to provide meal and rest periods are barred to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action were provided all required meal and rest breaks and chose not to take the breaks provided.

## TWENTY-FOURTH ADDITIONAL DEFENSE

### (Not Compensable Time)

24.     Plaintiff's claims, and those of the individuals he seeks to represent, are precluded to the extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

## TWENTY-FIFTH ADDITIONAL DEFENSE

### (Waiver of Meal Periods)

25.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## TWENTY-SIXTH ADDITIONAL DEFENSE

### (Waiver of Second Meal Periods)

26.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

////

////

////

### TWENTY-SEVENTH ADDITIONAL DEFENSE

#### (Payment of Premium Wages)

27.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period. The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

#### (Failure to Show Waiting Time Penalty Violation)

28.    Plaintiff's Complaint is barred to the extent that Plaintiff and the any individuals he purports to represent have failed to show that Defendant willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff and the purported aggrieved employees.

### TWENTY-NINTH ADDITIONAL DEFENSE

#### (Excessive Fines)

29.    Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendants' rights to due process and equal protection under the United States and California Constitutions. Additionally, the recovery of any statutory penalties against Defendants are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process Clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

////

////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTIETH ADDITIONAL DEFENSE

### (Unavailable Remedies Under the UCL)

30.     Plaintiff's UCL cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL. As a former employee, Plaintiff lacks standing to seek equitable relief under the UCL.

## THIRTY-FIRST ADDITIONAL DEFENSE

### (Improper Defendants)

31.     Defendants Goodman Global Holdings, Inc. and Goodman Global Group, Inc. are not proper defendants in this action because Plaintiff was never employed by either entity.

## ADDITIONAL DEFENSES

32.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;

3.     That Defendants be awarded reasonable attorneys' fees according to proof;

4.     That Defendants be awarded the costs of suit incurred herein; and

5.     That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

////

////

////

////

////

10

DATED: January 3, 2022

Respectfully submitted,

SEYFARTH SHAW LLP


By: _____

Justin Curley
Jeffrey A. Nordlander
Attorneys for Defendants
GOODMAN MANUFACTURING
COMPANY, L.P., GOODMAN GLOBAL
HOLDINGS, INC., and GOODMAN
GLOBAL GROUP, INC.

11

# **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2350, Sacramento, California 95814. On January 3, 2022, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF MARTIN BARTHOLOMEW'S PUTATIVE CLASS ACTION COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Joshua S. Falakassa                          *Attorneys for Plaintiff and the Putative*
FALAKASSA LAW, P.C.                      *Class*
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Tel: 818-456-6168
Fax: 888-505-0868
josh@falakassalaw.com

Megrdad Bokhour                            *Attorneys for Plaintiff and the Putative*
BOKHOUR LAW GROUP, P.C.          *Class*
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Tel: 310-975-1493
Fax: 310-675-0861
mehrdad@bokhourlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2022, at Sacramento, California.

_____
Selena L. Paradee

12

**EXHIBIT C**

 CT Corporation

**Service of Process Transmittal**
12/03/2021
CT Log Number 540684586

**TO:**     Ray Carroll
Goodman Manufacturing Company, L.P.
5847 SAN FELIPE ST STE 2250
HOUSTON, TX 77057-3000

**RE:**    **Process Served in California**

**FOR:**    Goodman Global Holdings, Inc.  (Domestic State: DE)



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARTIN BARTHOLOMEW, on behalf of himself and all others similarly situated vs. GOODMAN MANUFACTURING COMPANY, L.P. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 34202100311588 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2021 at 02:28 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780104539576 |
| | Image SOP |
| | Email Notification,  Ray Carroll  ray.carroll@goodmanmfg.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 **CT Corporation**

**Service of Process Transmittal**
12/03/2021
CT Log Number 540684603

**TO:** Ray Carroll
Goodman Manufacturing Company, L.P.
5847 SAN FELIPE ST STE 2250
HOUSTON, TX 77057-3000

**RE:** **Process Served in California**

**FOR:** GOODMAN GLOBAL GROUP, INC.  (Domestic State: DE)

**RECEIVED**
DEC 0 7 2021
BY: .....................

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARTIN BARTHOLOMEW, on behalf of himself and all others similarly situated // To: GOODMAN GLOBAL GROUP, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 34202100311588 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2021 at 02:28 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780104539576 |
| | Image SOP |
| | Email Notification,  Ray Carroll  ray.carroll@goodmanmfg.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / AA

 **CT Corporation**

**Service of Process Transmittal**
12/03/2021
CT Log Number 540684452

| | |
|---|---|
| **TO:** | Ray Carroll<br>Goodman Manufacturing Company, L.P.<br>5847 SAN FELIPE ST STE 2250<br>HOUSTON, TX 77057-3000 |
| **RE:** | **Process Served in California** |
| **FOR:** | Goodman Manufacturing Company, L.P.  (Domestic State: TX) |



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARTIN BARTHOLOMEW, on behalf of himself and all others similarly situated, // To: Goodman Manufacturing Company, L.P. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 34202100311588 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2021 at 02:28 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780104539576 |
| | Image SOP |
| | Email Notification,  Ray Carroll  ray.carroll@goodmanmfg.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**SUM-100**

FILED
Superior Court Of California,
Sacramento

ddonkin

By_____ , Deputy

Case Number:
**34-2021-00311538**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GOODMAN MANUFACTURING COMPANY, L.P., a Texas Limited
Partnership; ("Additional Parties Attachment form is attached.")

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN BARTHOLOMEW, on behalf of himself and all others
similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Gordon D. Schaber County Courthouse
*(El nombre y dirección de la corte es):*
720 9th Street, Sacramento, California 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN:285256) 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

DATE:           **NOV 2 4 2021**           Clerk, by                                , Deputy
*(Fecha):*                                 *(Secretario)*    D. DONKIN          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Goodman Manufacturing Company LP. a Texas Limited Partnership

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465.
www.courtinfo.ca.gov

BY FAX

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff      ☑ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

GOODMAN GLOBAL HOLDINGS, INC., a Delaware Corporation; GOODMAN GLOBAL GROUP, INC.; a Delaware Corporation; and DOES 1-50, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-100**

FILED
Superior Court Of California,
Sacramento    **SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ddonkin
By_____, Deputy

Case Number:
34-2021-00311538

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
GOODMAN MANUFACTURING COMPANY, L.P., a Texas Limited
Partnership; ("Additional Parties Attachment form is attached.")

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MARTIN BARTHOLOMEW, on behalf of himself and all others
similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Gordon D. Schaber County Courthouse (El nombre y dirección de la corte es): 720 9th Street, Sacramento, California 95814 | CASE NUMBER: (Número del Caso): |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mehrdad Bokhour, Esq. (SBN:285256) 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

| DATE: (Fecha) | NOV 2 4 2021 | Clerk, by (Secretario) | D. DONKIN | , Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✗] on behalf of (specify): Goodman Global Holding Inc. a Delaware corporation
   under: [✗] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [✗] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GOODMAN GLOBAL HOLDINGS, INC., a Delaware Corporation; GOODMAN GLOBAL GROUP, INC.; a Delaware Corporation; and DOES 1-50, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED
Superior Court Of California,
Sacramento    **SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
ddonkin
By_____, Deputy
Case Number:
**34-2021-00311538**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GOODMAN MANUFACTURING COMPANY, L.P., a Texas Limited
Partnership; ("Additional Parties Attachment form is attached.")

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN BARTHOLOMEW, on behalf of himself and all others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Gordon D. Schaber County Courthouse
*(El nombre y dirección de la corte es):*
720 9th Street, Sacramento, California 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN:285256) 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

DATE:    **NOV 2 4 2021**    Clerk, by    **D. DONKIN**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Goodman Global Group. Inc. a Delaware corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**BY FAX**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

GOODMAN GLOBAL HOLDINGS, INC., a Delaware Corporation; GOODMAN GLOBAL GROUP, INC.; a Delaware Corporation; and DOES 1-50, inclusive.

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**CM-010**

FILED
Superior Court Of California,
FOR COURT USE ONLY

11/23/2021

ddonkin

By_____, Deputy

Case Number:

**34-2021-00311538**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): |
| --- |
| Mehrdad Bokhour, Esq. (SBN: 285256) |
| BOKHOUR LAW GROUP, P.C. |
| 1901 Avenue of the Stars, Suite 450 |
| Los Angeles, California 90067 |
| TELEPHONE NO.: (310) 975-1493    FAX NO.: (310) 675-0861 |
| ATTORNEY FOR (Name): Plaintiff, Martin Bartholomew |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber County Courthouse

CASE NAME:
Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
| --- | --- | --- |
| [✓] Unlimited [ ] Limited | [ ] Counter [ ] Joinder | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: November 23, 2021
Mehrdad Bokhour, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

| For Court Use Only |
| --- |

PETITIONER/PLAINTIFF: Martin Bartholomew et.al.

RESPONDENT/DEFENDANT: Goodman Manufacturing Company, L.P. et.al.

| **ORDER RE: DELAY IN SCHEDULING**<br>**INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>34-2021-00311588 |
| --- | --- |

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 11/23/2021

_____
Richard K. Sueyoshi, Judge of the Superior Court

Page 1 of 1

Order re: Delay In Scheduling Initial Case Management Conference